## In the Matter of the NEW YORK TITLE AND MORTGAGE COMPANY (Series B-K).

Supreme Court, Additional Special Term, New York County, March 11, 1937.

*Kramer & Kleinfeld* [*Barnet Kaprow* and *David L. Weissman* of counsel], for the B-K trustees, for the motion. .

*William A. Shea* [*Joseph Lapidus* of counsel], for the Superintendent of Insurance of the State of New York, opposed.

FRANKENTHALER, J. This is a motion by the trustees of Series B-K for an order requiring the Superintendent of Insurance, as liquidator of New York Title and Mortgage Company, to pay to them, *out of funds in his possession available to general creditors of the company*, the sum of $49,108.37, " being the amount deducted by the Receivers and Ancillary Receivers of Land Estates Incorporated and Liberdar Holding Corporation on account of their administration of certain properties covered by certain mortgages belonging to the said Series B-K, less the reserve the said Superintendent would have been allowed to deduct therefor plus a certain deduction already made by him." The application is made in accordance with the suggestions contained in the opinion of this court in *Matter of New York Title & Mortgage Co. (Series B-1, B-8, BX-19, N-30, N-54, N-74)* (157 Misc. 476), where this court pointed out that certificate holders, as owners or pledgees of undivided interests in mortgages on the properties owned by Liberdar and Land Estates or as secured creditors of the title company, could not be benefited by the Federal receiverships which the liquidator was instrumental in bringing about, and that, therefore, " the expenses of the receiverships should be borne, as between the two sets of creditors, by the title company's general creditors who alone stood to benefit from the receiverships." As the reasons for this conclusion are fully set forth in the opinion referred to, it would serve no useful purpose to repeat them here.

The objections interposed by the liquidator require little discussion. The claim is made that this application is premature until the costs of the receiverships are definitely fixed by the Federal court. This is no reason for withholding payment to certificate holders. The reserves for the receivership expenses should be maintained out of funds belonging to the general creditors and not out of moneys to which the certificate holders are entitled. The claim that the motion should be addressed to the receivers and not to the liquidator is based upon a misconception of the theory of

the application. Although the certificate holders, as against the receivers, may be bound by the fees fixed in the Federal court, there is no reason for denying them reimbursement out of the funds in the hands of the liquidator available for payment to general creditors. As the maximum servicing fee of the liquidator has been fixed at five-sixteenths of one per cent per annum by a previous order of this court, the trustees are entitled to the difference between (1) the amount deducted by the receivers and ancillary receivers, and (2) the servicing fee which the liquidator is entitled to receive at the rate provided for in said order, after deduction from said servicing fee of an allowance of one-twentieth of one per cent previously made to the liquidator. A discrepancy of $2,721.34 exists between the computations of the applicants and those of the liquidator in respect to the proper amount payable to the former in accordance with the views herein expressed. In the event that the parties are unable to agree on this subject, an official referee will be designated to take proof and report to the court.

Trustees of various other reorganized mortgage issues have applied for leave to intervene in this proceeding and have made applications for relief similar to that asked for by the moving trustees. The liquidator has stated he has no objection to permitting intervention but asks that the determination of the exact amounts to which the various trustees are entitled should be left for fixation, either by agreement or otherwise, after the court's determination of the principles involved. The applications for leave to intervene are accordingly granted and the motions of the intervenors are likewise granted to the extent of holding that they are entitled to recover on the same theory and to the same extent as the trustees of Series B-K. In the event that the intervenors and the liquidator are unable to agree on the amounts to be paid over in accordance with the principles previously referred to, an official referee will be designated to take proof and report with his opinion. Settle order.